# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WESLEY D. FREE,                      )
                                )
        **Plaintiff,**                )
                                  )
**v.**                               )            **Case No. CIV-13-48-F**
                                  )
**PATRICIA GARCIA et al.,**          )
                                  )
        **Defendants.**              )

## REPORT AND RECOMMENDATION

Plaintiff Wesley D. Free, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. The matter is now before the court on a motion to dismiss filed by Defendants (Doc. No. 16).

## BACKGROUND

At the time he filed this action, Mr. Free was a state prisoner incarcerated at the William S. Keys Correctional Center ("WSKCC") in Fort Supply, Oklahoma. Compl. at 1 (Doc. No. 1). In his Complaint, Mr. Free names three Defendants: Dee Butler, Patricia Garcia, and Paul Lawrence. *Id.* at 1-2, 3. Each Defendant was or is an employee of the Oklahoma Department of Corrections ("ODOC"). *See id.* Defendant Butler worked as a Food Service Manager at Idabel Work Center, and Defendant Garcia worked as a Food Service Manager at Walters Work Center, where Defendant Lawrence worked as Chief of Security. *Id.* at 1-3, 8.

In his Complaint, which was filed on January 11, 2013, Mr. Free contends that Defendants violated his First and Eighth Amendment rights. *Id.* at 2, 8-9. Mr. Free's allegations in support of these claims involve the same set of facts. *See id.* at 8. In general, Mr. Free states that his religion is House of Yahweh and contends that he did not receive religious meals in accordance with that religion and with ODOC policy – OP-030112.[1] *See id.* Mr. Free does not challenge the constitutionality of ODOC's policy; he asserts instead that the policy was not adhered to by Defendants. *See id.*

Mr. Free divides his two-count Complaint geographically: factual allegations regarding events at Idabel Work Center are in Count I, and factual allegations regarding events at Walters Work Center are in Count II. *See id.* at 8. In Count I, Mr. Free indicates that he arrived at Idabel Work Center on April 1, 2010, and states:

> I requested my religious diet according to my faith . . . and according to [O]DOC OP-030112 approx. 5-25-10. Food [S]ervice [M]anager Mrs. Dee Butler . . . refused to provide me with my religious diet according to [O]DOC OP-030112 because Idabel Work Center was not [in] compliance with [O]DOC OP-030112 and did not want to comply with [O]DOC OP-030112.

---

[1] Although Mr. Free repeatedly references ODOC's policy, he did not attach a copy of this policy to his Complaint. Nevertheless, for background purposes only, the undersigned notes that the policy currently supports the provision of a kosher meal to prisoners whose religion is House of Yahweh and who continue to meet criteria under the policy, including by properly requesting their religious diet at each facility in which they are incarcerated and by adhering to their religious diet after obtaining approval to receive it. *See* ODOC Religious Services Policy OP-030112, § VI (effective July, 3, 2013); *id.* Attachs. C, E (providing religious diet request form and list of religions authorized for kosher and halal diets); *see also* Fed. R. Evid. 201(b); *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (permitting judicial notice of agency rules and regulations). It appears that House of Yahweh has been recognized since 2006 by ODOC as a religion that requires a kosher diet. *See DeRosa v. Jones*, No. CIV-05-324-FHS, 2007 WL 2071864, at *3 (E.D. Okla. July 16, 2007).

*Id.* Mr. Free then states that a case manager "had [him] sign a lateral transfer that stated that [he] was to be transfer[red] to another facility that would provide [him] with [his] religious diet." *Id.* In Count II, Mr. Free states:

> I arrived at Walters Work Center [on] 6-22-10. When I arrived at Walters Work Center[,] Chief of Security Mr. Paul Lawrence asked me why I got shipped to Walters[.] I told him it was because of my religious diet. He took no action to see that I received my religious diet. So approx. 6-27-10[,] I went to FSM Mrs. Patricia Garcia and requested my religious diet and she refuse[d] to provide me my religious diet according to [O]DOC OP-030112 also.

*Id.*

Mr. Free then reiterates his general assertion that each Defendant violated his First and Eighth Amendment rights. *See id.* In a later paragraph, after a brief religious reference, Mr. Free asserts: "The incident of me not being fed my religious diet went from 5-25-10 through 8-24-11 at Idabel and Walters Work Centers." *See id.* For the alleged violations, Mr. Free seeks one million dollars in punitive damages. *Id*. at 6.

Defendants have moved to dismiss Mr. Free's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defs.' Mot. to Dismiss at 1. Defendants contend that, to the extent Mr. Free seeks monetary relief against them in their official capacities under § 1983, they are immune from suit pursuant to the Eleventh Amendment and, accordingly, the Court lacks subject matter jurisdiction over any such claims. *Id.* at 4-5. Defendants then contend that Mr. Free has failed to state a claim upon which relief may be granted because: (1) his claims based on events prior to January 11, 2011, are time-barred; (2) his factual allegations are insufficient to establish pursuant to § 1983 that

Defendants violated Mr. Free's federal constitutional rights; and (3) his factual allegations are insufficient to support a claim for punitive damages. *Id.* at 2-4, 6-10.

Mr. Free filed a response, reiterating that his claims have merit and contending that the "continuing violation" doctrine should apply to any claims that may be time-barred. *See* Pl.'s Response to Defs.' Mot. to Dismiss, Doc. No. 19. Defendants filed a reply, arguing against the applicability of that doctrine. *See* Defs.' Reply to Pl.'s Response, Doc. No. 21.[2]

## ANALYSIS

In addition to considering the contentions set forth in Defendants' motion to dismiss, the undersigned must also consider the Court's obligation to review each complaint brought by a prisoner with respect to prison conditions or in which a prisoner seeks redress against a governmental entity, officer, or employee. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915A(a). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915A(b).

---

[2] Mr. Free also filed an unauthorized surreply generally reiterating the arguments presented in his response to Defendants' motion and stating that his claims are not complex. *See* Pl.'s Surreply, Doc. No. 23. Although such filing was improper, *see* LCvR 7.1(i) (requiring Court permission before filing of supplemental brief), the undersigned has considered the arguments of Mr. Free therein in making this recommendation.

*A. Whether the Court Has Jurisdiction to Hear Official-Capacity § 1983 Claims Against Defendants in Light of the Assertion of Eleventh Amendment Immunity*

Mr. Free does not clearly specify whether he sues Defendants in their individual capacities, official capacities, or both.[3] *See* Compl. at 1-2, 3. Nevertheless, Defendants have asserted that, pursuant to the Eleventh Amendment, they are immune from any § 1983 claim seeking monetary relief against them in their official capacities. *See* Defs.' Mot. to Dismiss at 4-5. Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the Complaint to the extent it seeks such relief, asserting that the Court lacks subject matter jurisdiction over those claims.[4] *Id.* at 1, 4-5; *see also Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000) (holding Eleventh Amendment immunity presents a jurisdictional bar when effectively asserted).

Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state unless the state consents to suit or Congress unequivocally abrogates the state's immunity. U.S. Const. amend. XI; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996). The State of Oklahoma has not waived Eleventh Amendment immunity

---

[3] Mr. Free makes no indication as to the capacity or capacities in which he is suing Defendants Butler and Garcia. In describing Defendant Lawrence, Mr. Free states that he was "acting under the color of state law in his official capacity as a[n] [ODOC] staff member." Compl. at 3 (capitalization altered). However, it is not clear from this statement whether Mr. Free is suing Defendant Lawrence in his official capacity <u>only</u>.

[4] In moving to dismiss for lack of subject matter jurisdiction, Defendants present a "facial" attack on the Complaint—questioning its sufficiency but not the veracity of factual allegations upon which subject matter jurisdiction may depend. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Accordingly, for the purposes of this subject matter jurisdiction analysis, the undersigned presumes the Complaint's factual allegations to be true. *See id.* at 1002.

against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in any way pertinent to Plaintiff's § 1983 claims. *See*, *e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979). Thus, the State of Oklahoma's Eleventh Amendment immunity from suit remains intact.

Eleventh Amendment immunity applies to state agencies that are considered "an arm of the state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Here, although not named as a defendant, the relevant state agency is ODOC because Defendants were employed with that agency during the circumstances giving rise to this lawsuit. *See* Compl. at 1-2, 3. The Tenth Circuit has stated that it considers ODOC an arm of the State of Oklahoma.[5] *See Eastwood v. Dep't of Corr. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (agreeing with party's concession that ODOC was entitled to Eleventh Amendment immunity as an arm of the state). Thus, pursuant to the Eleventh Amendment and the stated view of the Tenth Circuit, ODOC is protected from suits under § 1983 in federal court by Eleventh Amendment immunity. *See also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002) (reiterating that sovereign immunity from suit applies regardless of relief sought); *ANR Pipeline Co. v. Lafaver*, 150

---

[5] A defendant's status as an arm of the state is a question of federal law, but courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal quotation marks omitted). ODOC's powers, budgetary responsibilities, and funding establish that it is an arm of the State of Oklahoma. *See, e.g.*, Okla. Stat. tit. 57, §§ 502-04, 505-08, 509, 510; Okla. Stat. tit. 62, §§ 34.42, 34.50-.52, 34.57; Act of May 20, 2013, ch. 313, §§ 100-102, 2013 Okla. Sess. Law Serv. 1585 (West).

F.3d 1178, 1187 (10th Cir. 1998) (same), *abrogated on other grounds as recognized in Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

ODOC's immunity from suit extends to its employees when they are sued under § 1983 in their official capacities for money damages. *See Edelman*, 415 U.S. at 663. Accordingly, any § 1983 claims by Mr. Free seeking monetary relief from Defendants in their official capacities should be dismissed because, based on Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over such claims.

### B. Whether Plaintiff Has Stated a Claim upon Which Relief May Be Granted

Although the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As further explained in *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (citations and internal quotation marks omitted).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).[6] The Court's analysis for failure to state a claim upon which relief may be granted is the same regardless of whether it is performed pursuant to a motion to dismiss under Federal Rule of Civil Procedure

---

[6] Discussing the implications of *Iqbal*, the Tenth Circuit emphasized:

> Nowhere in the law does context have greater relevance to the validity of a claim than prisoner civil-rights claims. Prisons are a unique environment, and the Supreme Court has repeatedly recognized that the role of the Constitution within their walls is quite limited. Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison. Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts. For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply.

*Gee*, 627 F.3d at 1185.

12(b)(6) or sua sponte pursuant to the Court's screening obligations detailed above. *Cf. Kay*, 500 F.3d at 1218 (applying Rule 12(b)(6) standard for purpose of § 1915(e)(2)(B)(ii) determination).

1. <u>Whether Mr. Free's Claims Are Time-Barred</u>

If it is apparent from the dates stated in the complaint that the right to sue has been eliminated due to the statute of limitations, then the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (noting further that plaintiff bears burden of establishing factual basis for any tolling contended). Here, the applicable limitations period is two years from the date Mr. Free knew or should have known of the injury on which he bases a claim. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citation omitted). In Oklahoma, the relevant limitations period is two years. *See id.*; Okla. Stat. tit. 12, § 95(A)(3)). Under federal law, "[§] 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (internal quotation marks omitted); *see also Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (discussing limitations period and accrual of claim under § 1983).

Mr. Free filed his lawsuit on January 11, 2013. Absent any applicable tolling, Mr. Free's claims must have accrued on or after January 11, 2011, to fall within the two-year

statutory period. In his Complaint, however, Mr. Free alleges that beginning May 25, 2010, and continuing through August 24, 2011, he did not receive a religious diet in accordance with ODOC policy. *See* Compl. at 8. Mr. Free states nothing to indicate he would not immediately have known or had reason to know of an injury each time he allegedly was denied a religious meal. *See id.*

Thus, any viable claims would have accrued each time Mr. Free did not receive his religious diet, as he was aware of the alleged injury at that time and could have brought individual claims for the alleged violations when they occurred. Under the applicable statute of limitations, the right to sue on these claims expired two years after each violation. Accordingly, any violations Mr. Free asserts as occurring prior to January 11, 2011, are time-barred. That is, Mr. Free's claims in their entirety against Defendant Butler, which range from late May 2010 through late June 2010, are time-barred. Mr. Free's claims against Defendants Lawrence and Garcia, which potentially range from late June 2010 through August 24, 2011, also are time-barred to the extent they occurred on or before January 10, 2011.

Mr. Free urges that the doctrine of continuing violation[7] be applied to permit him to seek relief for the full range of dates in his lawsuit. Pl.'s Response at 1-2. Mr. Free's reliance upon this doctrine, however, is misplaced. In short, the doctrine applies to situations in which the plaintiff's ability to discover the defendant's conduct is reasonably delayed or the plaintiff's claim cannot be established based on a discrete occurrence, i.e.

---

[7] This doctrine is also known as one of "continuing wrong," "continuing harm," and "continuing tort." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (collecting cases).

when a cumulative effect of individual acts is required instead. *See, e.g.*, *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1236-38 (10th Cir. 2001) (noting "doctrine is inapplicable when the injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress" (internal quotation marks omitted)); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (noting applicability of doctrine in context of hostile work environment claims under Title VII, which require "cumulative effect of individual acts"); *Heard*, 253 F.3d at 317-20 (holding doctrine could apply in § 1983 action in which plaintiff prisoner may be able to demonstrate Eighth Amendment violation through cumulative effect of defendants' alleged refusal to treat single medical condition, thereby through longer and greater pain potentially crossing threshold of cruel and unusual punishment).

The Tenth Circuit has yet to determine whether the doctrine applies to actions brought pursuant to § 1983. *See, e.g.*, *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (declining to address issue). Nevertheless assuming its application possible, it would not be appropriate here. Mr. Free was aware of each alleged violation as it occurred, and each alleged violation appears discrete, i.e. no cumulative effect was required before Mr. Free could bring a claim. Thus, having presented no successful argument to toll the statute of limitations or to alter the date of accrual, Mr. Free's claims are time-barred to the extent detailed above and should to that same extent be dismissed with prejudice.

2.  Whether Mr. Free Has Stated a Claim Under 42 U.S.C. § 1983

Because the undersigned has recommended that Mr. Free's claims against Defendant Butler be dismissed as time-barred, no further analysis is required as to whether the allegations against Ms. Butler otherwise state a claim for violation of § 1983. Thus, in this section, the undersigned considers only the viability of Mr. Free's claims against Defendants Lawrence and Garcia. Of further note, the specific conduct cited by Mr. Free as a basis for his claims against Defendants Lawrence and Garcia occurred, according to his own allegations, prior to January 11, 2011. In analyzing the sufficiency of Mr. Free's claims against Defendants Lawrence and Garcia, the undersigned has nevertheless considered this conduct on the assumption – but no more – that acts outside the time period potentially may still be relevant to claims for relief accruing within the time period.

To avoid dismissal for failing to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, the facts alleged in a complaint must be sufficient to support each of the elements of such a claim. These elements include both (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (reiterating that although § 1983 contains no separate state-of-mind requirement, plaintiff must establish state-of-mind requirement necessary for underlying constitutional violation).

Mr. Free alleges violations of both his First and Eighth Amendment rights. These two constitutional rights, and the sufficiency of Mr. Free's pleadings alleging that Defendants Garcia and Lawrence violated them, are discussed in turn.

a. Whether Mr. Free Has Stated a First Amendment Violation

Although federal constitutional rights are often limited as a result of a prisoner's conviction and confinement in prison, prisoners do retain First Amendment protections, "including its directive that no law shall prohibit the free exercise of religion." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (providing brief overview of limitations on prisoners' rights); *see also id.* at 349 (noting prison regulations reasonably related to legitimate penological interests may impinge on prisoners' constitutional rights); *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (recognizing prisoner's right to free exercise of religion includes "right to a diet conforming to [his or her] religious beliefs"). To state a claim that a defendant violated the plaintiff's right to freely exercise his religion, the plaintiff "must adequately allege that the defendant[] 'substantially burdened [his] sincerely-held religious beliefs.'" *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Kay*, 500 F.3d at 1218). As a primary matter, therefore, a plaintiff making a free exercise claim must establish that the beliefs at issue are religious in nature and sincerely held. *See Kay*, 500 F.3d at 1218; *see also id.* at 1220 (concluding plaintiff presented sufficient factual support in complaint "to rationally and plausibly conclude that [plaintiff was] a sincere devotee of [his religious] faith"). Furthermore, to establish that the defendant substantially burdened the plaintiff's sincerely-held religious beliefs, the plaintiff must allege facts sufficient to establish that

the defendant's conduct was more than "an isolated act of negligence." *Gallagher*, 587 F.3d at 1070.[8]

Mr. Free states that his religion is House of Yahweh and that he requested a religious diet in accordance with that religion. Compl. at 8.[9] Mr. Free includes scant factual support toward whether his beliefs are sincerely held.[10] Nevertheless, even assuming he has adequately alleged facts on this ground, he has not adequately alleged facts to establish that either Defendant Lawrence's or Defendant Garcia's conduct was more than an isolated act of negligence.

As quoted earlier, the full extent of Mr. Free's factual allegations as to Defendants Lawrence and Garcia are as follows:

> I arrived at Walters Work Center [on] 6-22-10. When I arrived at Walters Work Center[,] Chief of Security Mr. Paul Lawrence asked me why I got shipped to Walters[.] I told

---

[8] In *Gallagher*, the Tenth Circuit also approvingly cited a Fourth Circuit holding on the state-of-mind requirement for a free exercise violation: "'[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983.'" *Gallagher*, 587 F.3d at 1070 (alteration in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006)). Further, the Tenth Circuit noted a lack of factual support for the defendants having engaged in any deliberate conduct to violate the plaintiff's right to freely exercise his religion. *See id.* In a later unpublished decision, the Tenth Circuit directly incorporated the Fourth Circuit's requirement that the plaintiff assert a "conscious or intentional interference with his free exercise rights." *McKinley v. Maddox*, 493 F. App'x 928, 932 (10th Cir. 2012).

[9] As previously noted for background purposes, House of Yahweh has been recognized since 2006 by ODOC as a religion that requires a kosher diet. *See DeRosa*, 2007 WL 2071864, at *3; *see also supra* note 1.

[10] Although whether a belief is sincerely held inevitably involves a credibility assessment, which would be inappropriate when assessing the sufficiency of a complaint, the complaint must nevertheless include enough factual support for a court to rationally and plausibly conclude that this element of a free exercise claim has been pled. *See Kay*, 500 F.3d at 1219-20.

> him it was because of my religious diet. He took no action to see that I received my religious diet. So approx. 6-27-10[,] I went to FSM Mrs. Patricia Garcia and requested my religious diet and she refuse[d] to provide me my religious diet according to [O]DOC OP–030112 also.

Compl. at 8. These facts refer only to conduct on one specific date per Defendant and, particularly as to Defendant Garcia, lack context as to the alleged conduct. Three paragraphs later, following primarily a series of legal conclusions, Mr. Free states: "The incident of me not being fed my religious diet went from 5-25-10 through 8-24-11 at Idabel and Walters Work Centers." *Id.*[11] These facts are simply insufficient to establish that Defendants' conduct involved more than isolated acts of negligence. *See Gallagher*, 587 F.3d at 1070. Although Mr. Free asserts a range of dates on which he did not receive his religious diet, he makes no statement from which it can be concluded that Defendant Lawrence or Garcia was involved on more than one date each. *See* Compl. at 2, 5, 8-9.

Moreover, the dates of the alleged refusals by Defendants Lawrence and Garcia are both approximately six months prior to the earliest date of the statutory limitations period, January 11, 2011. Mr. Free offers no facts that would permit the conclusion that the refusals in June 2010 still had force in January 2011 or that Defendant Lawrence or Garcia had any level of personal participation in what meals were served to him during the latter time period. In light of the clearly applicable statute of limitations, Mr. Free must, if he can, plead facts that connect Defendants Lawrence's and Garcia's actions,

---

[11] In a separate action filed pursuant to § 1983, Mr. Free asserted that he also did not receive his religious diet from August 25, 2011 through October 12, 2011, after he was transferred to another facility. *See Free v. Okla. Dep't of Corr.*, No. CIV-13-0087-F, 2014 WL 347627, at *1 (W.D. Okla. Jan. 30, 2014) (dismissing case without prejudice for failure to effect service of process on sole remaining defendant).

whenever they might have occurred, to violations by them of Mr. Free's rights occurring within the limitations period (i.e., denials of religious meals on or after January 11, 2011).

Finally, Mr. Free provides no facts from which to assess the circumstances of the alleged requests and alleged responses—for example, whether his requests were denied because they did not comply with proper procedure (a legitimate penological interest), because of a conscious interference with a religious exercise, or for some other reason entirely. *See Gee*, 627 F.3d at 1188 (suggesting prisoner plaintiff must plead "sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests"); *Gallagher*, 587 F.3d at 1070. Absent some degree of detail regarding the context of the refusals, Plaintiff has stated a theory that is only consistent with, and not a plausible claim of, Defendants' liability. Without more, Mr. Free's allegations are insufficient to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678 (requiring complaint to state facts beyond those merely consistent with defendant's liability to avoid dismissal for failure to state a claim upon which relief may be granted); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint").

Therefore, Mr. Free has failed to state a First Amendment violation upon which relief, pursuant to § 1983, may be granted. His claims against Defendants Lawrence and Garcia based on a First Amendment violation accordingly should be dismissed.

b.  Whether Mr. Free Has Stated an Eighth Amendment Violation

Based on the same facts detailed above, Mr. Free asserts that Defendants Lawrence and Garcia also violated his Eighth Amendment right to be free from cruel and unusual punishment.  Compl. at 2, 8-9.  As interpreted, the Eighth Amendment imposes duties on prison officials to "provide humane conditions of confinement . . . [by] ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care, and . . . [by] tak[ing] reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted).  A prison official violates these duties only by showing "deliberate indifference to a substantial risk of serious harm to an inmate."  *See id.* at 828 (internal quotation marks omitted).  As to the "deliberate indifference" element specifically, the plaintiff must establish that the defendant knew of and disregarded "an excessive risk to inmate health or safety."  *Id.* at 837.

A substantial question exists as to whether the inability to obtain the diet of one's choice in prison states a cognizable <u>Eighth Amendment</u> claim.  *See LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991) (agreeing that when plaintiff prisoner otherwise received nutritionally adequate food, mere denial of requested vegetarian religious diet was insufficient to state Eighth Amendment claim); *Watkins v. Rogers*, 525 F. App'x 756, 759 (10th Cir. 2013) (describing the holding in *LaFevers* as that "the mere denial of a requested [religious] diet is insufficient to establish a cognizable Eighth Amendment claim" (alteration in original) (internal quotation marks omitted)).  Regardless, the sparse factual allegations in Mr. Free's Complaint establish neither a substantial risk of serious

harm nor Defendants' deliberate indifference to such harm.[12]  Mr. Free has failed to state

an Eighth Amendment violation upon which relief, pursuant to § 1983, may be granted,

and these claims also should be dismissed.[13]

### c. Whether Mr. Free Has Stated a Claim for Punitive Damages

At this point, the undersigned has recommended dismissal of all claims against all

Defendants.  Nevertheless, because it is also recommended that Mr. Free be provided an

opportunity to file an amended complaint to correct the noted factual deficiencies, the

---

[12] As quoted above, the full extent of Mr. Free's factual assertions as to Defendants Lawrence and Garcia are as follows:

> I arrived at Walters Work Center [on] 6-22-10.  When I arrived at Walters Work Center[,] Chief of Security Mr. Paul Lawrence asked me why I got shipped to Walters[.]  I told him it was because of my religious diet.  He took no action to see that I received my religious diet.  So approx. 6-27-10[,] I went to FSM Mrs. Patricia Garcia and requested my religious diet and she refuse[d] to provide me my religious diet according to DOC OP – 030112 also.

Compl. at 8.

[13] Defendants also contended that Mr. Free failed to sufficiently allege the personal participation of Defendant Lawrence in any violation of his federal rights.  Defs.' Mot. to Dismiss at 6-7, 11.  Based on the undersigned's recommendation of dismissal of all claims, the undersigned need not address this additional ground for dismissal. Nevertheless, because the undersigned ultimately recommends that Mr. Free be granted leave to file an amended complaint to address factual deficiencies, Mr. Free is advised that, in stating a claim for relief under 42 U.S.C. § 1983, a plaintiff must, for each defendant, allege facts that plausibly establish a causal connection between that defendant and the alleged violation of federal rights.  When a defendant is sued in his or her individual capacity under § 1983, the plaintiff must allege facts to establish the defendant's "personal involvement or participation" in the violation of federal rights. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).  In this regard, it is insufficient to contend that a defendant is liable simply because that defendant served in a supervisory role.  *See Dodds v. Richardson*, 614 F.3d 1185, 1194-1202 (10th Cir. 2010).

undersigned now addresses Mr. Free's allegations regarding damages, which are also factually deficient.

Mr. Free seeks only punitive damages in his Complaint. Because he does not allege a physical injury, Mr. Free – even if he were to prevail on one or more of his claims – is not entitled to compensatory damages, but only nominal damages and in rare circumstances punitive damages.[14] *See* 42 U.S.C. § 1997e(e); *Searles v. Van Bebber*, 251 F.3d 869, 876, 878-79, 880-81 (10th Cir. 2001). To recover punitive damages, Mr. Free would have to show that Defendant Lawrence or Defendant Garcia was "motivated by evil motive or intent" or that one of these Defendants' conduct "involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Mr. Free's sparse factual allegations do not state a claim against any Defendant that would warrant an award of punitive damages. Accordingly, Mr. Free's claims for punitive damages are independently subject to dismissal absent additional facts.

### d. Opportunity to Amend

With respect to claims that the undersigned recommends be dismissed for failure to state a claim upon which relief may be granted because of factual deficiencies, the undersigned further recommends that the dismissal be without prejudice and that Mr. Free be granted leave to file an amended complaint. *See Perkins v. Kan. Dep't of Corr.*,

---

[14] "Nominal damages are damages in name only, trivial sums such as six cents or $1. They do not purport to compensate for past wrongs. They are symbolic only." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation and internal quotation marks omitted).

165 F.3d 803, 806 (10th Cir. 1999). It is possible that Mr. Free could cure the deficiencies in such claims through additional allegations consistent with the discussion above. If granted leave to file an amended complaint and choosing to do so, Mr. Free should ensure that he provides factual allegations sufficient to connect Defendants' conduct to any alleged violations of his constitutional rights that occurred during the period within the statute of limitations.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

(1) Defendants' motion to dismiss (Doc. No. 16) be granted insofar as the relief requested; and

(2) Plaintiff's Complaint (Doc. No. 1) be dismissed:

    (a) without prejudice with respect to Plaintiff's claims seeking monetary damages against Defendants in their official capacities, because the Court lacks subject matter jurisdiction over such claims pursuant to the Eleventh Amendment;

    (b) with prejudice with respect to Plaintiff's claims against Defendant Butler, because such claims are time-barred and therefore Plaintiff has failed to state a claim upon which relief may be granted;

    (c) with prejudice with respect to Plaintiff's claims seeking relief from Defendants Lawrence and Garcia for constitutional violations occurring before January 11, 2011, because such claims are time-barred and

therefore Plaintiff has failed to state a claim upon which relief may be granted; and

(d) without prejudice – but subject to the right to amend – with respect to all remaining claims against Defendants Lawrence and Garcia, because Plaintiff has failed to state a claim upon which relief may be granted.

NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by March 7, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 14th day of February, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE