## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

WESLEY D. FREE,                    )
                                   )
      Plaintiff,                 )
                                   )
vs.                                )   Case No.  CIV-13-0048-F
                                   )
PATRICIA GARCIA, et al.,           )
                                   )
      Defendants.                )

### ORDER

Plaintiff Wesley D. Free, appearing *pro se*, brings this action under 42 U.S.C. § 1983.  Magistrate Judge Charles B. Goodwin issued a Report and Recommendation, doc. no. 42 (the Report), recommending that the court: 1) grant summary judgment to defendants on plaintiff's religious diet claims under the First Amendment, for failure to exhaust administrative remedies; 2) dismiss any remaining diet-related eighth amendment claims for failure to state a claim; and 3) strike plaintiff's claim for violation of his right to access the courts or dismiss that claim for failure to state a claim.  Doc. no. 42, p. 19.

The Report advised the parties that failure to make timely objection to the Report by February 20, 2015 waives the right to appellate review of both factual and legal matters contained in the Report.  On February 13, 2015, plaintiff filed a document entitled "Motion to Object to Summary Judgment for the Defendants and Motion for Summary Judgment for the Plaintiff."  Construing plaintiff's pleadings

liberally, the court construes this filing as an objection to the Report, addressing plaintiff's failure to exhaust administrative remedies. Doc. no. 43. All objected to matters are reviewed *de novo*.[1]

After review, the court finds that it agrees with the Report of the Magistrate Judge and that no purpose would be served by stating any further analysis here. Accordingly, plaintiff's objection to the Report and Recommendation of Magistrate Judge Goodwin is **DENIED**, and the Report and Recommendation is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Report, defendants' motion at doc. no. 39 is **GRANTED** as follows. 1) Summary judgment is **GRANTED** to defendants under Rule 56(a), Fed. R. Civ. P., on plaintiff's religious diet claims under the First Amendment because plaintiff failed to exhaust his administrative remedies before filing this lawsuit. 2) Any remaining diet-related eighth amendment claims are dismissed under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted. 3) Plaintiff's claim for violation of his right to access the courts is dismissed for failure to state a claim upon which relief may be granted. *See*, 28 U.S.C. § 1915A(b)(1), 42 U.S.C. § 1997e(c), and Ashcroft v. Iqbal, 556 U.S.

---

[1]Plaintiff's objection makes certain statements in support of exhaustion which were not presented to the magistrate judge. Compare p. 1 of doc. no. 43 (objection to the Report) to plaintiff's response, at doc. no. 40, to the motion to dismiss and for summary judgment. The court does not consider arguments or evidence presented for the first time in plaintiff's objection to the Report. *See*, United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("theories raised for the first time in objections to the magistrate judge's report are deemed waived"); Muhleisen v. Principi, 73 Fed. Appx. 320, 322 (10th Cir. 2003) (district court was under no obligation to consider evidence introduced for the first time in an objection to the magistrate judge's recommendation), unpublished. (If the court *were* to consider plaintiff's new statements, which it does not, the statements would not change the result.)

662, 678-79 (2009). These rulings dispose of all claims and this action is **DISMISSED** without prejudice.

Dated this 11th day of March, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0048p003.wpd